IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**EILEEN ORTIZ,**

    **Plaintiff,**

v.                                      No. CIV 99-0337 JHG/WWD

**RIO ARRIBA COUNTY, and
RANDY SANDOVAL, ELISEO
TRUJILLO, JUAN ROMERO,
ALFONSO ESQUIBEL, DAVID
SALAZAR, INEZ VIGIL and
CINDY MARTINEZ, in their
individual capacities,**

    **Defendants.**

## MEMORANDUM OPINION

This matter is before the Court on Defendants' Motion for Summary Judgment, filed January 19, 2000, and fully briefed March 16, 2000.  Plaintiff brought this action pursuant to Title VII for hostile work environment (sexual harassment) and retaliation against Defendant Rio Arriba County and sexual harassment under 42 U.S.C. § 1983 against the individual defendants.  Defendants move the Court to grant their summary judgment motion as to the individual Defendants on the grounds that the individual Defendants were not Plaintiff's supervisors and thus were not acting under color of state law.  Defendants also move for summary judgment on the § 1983 claim on the grounds of qualified immunity.  Having considered the motion, the memoranda in support and in opposition, and the applicable law, the Court finds that the motion is well taken and will be granted.

## I.  Factual Background

In June of 1995, Defendant Rio Arriba County hired Plaintiff as a mapper in the Española office of the County Assessor.  Plaintiff had to share one office with five other individuals.  Plaintiff alleges that within one week of beginning the job as a mapper, Defendant Randy Sandoval, also a mapper in the Española office, began making sexually suggestive remarks to her several times per week.  Plaintiff claims that, although Defendant Sandoval focused his harassment at her, the other women in the office were also subjected to his harassment which created a hostile and intimidating work environment for her.  On another occasion, Defendant Sandoval and another male employee in the office gave Plaintiff a handwritten note containing sexually graphic language.  Defendant Sandoval also discussed having sex with various women with Plaintiff, showed her sexually explicit magazine photographs, asked her about sex with her husband and made frequent sexually explicit remarks and gestures to her.  Plaintiff claims she tried to ignore Defendant's crude behavior and asked him to leave her alone on several occasions.  Plaintiff reported Defendant Sandoval's behavior to her supervisor, Defendant Inez Vigil, the office manager.  Plaintiff claims Defendant Vigil took no action to stop Defendant Vigil's behavior and dismissed her by telling her, "That's just Randy."

Defendant Eliseo Trujillo, a full-time appraiser also harassed Plaintiff.  On more than one occasion, Defendants Trujillo and Sandoval "linked arms" to forcibly restrain Plaintiff before her husband was scheduled to pick her up at work.  This behavior occurred several times during the months of November and December of 1995.  Plaintiff would ask them to stop, but the behavior continued. This behavior angered Plaintiff's husband.  Plaintiff's husband confronted Defendants Trujillo and Sandoval about the behavior and it stopped.  Defendant Trujillo also hugged Plaintiff

without her consent while Defendant Sandoval took a photograph of them. Defendant Sandoval then threatened to show the picture to Plaintiff's husband.

Defendant Juan Romero, another appraiser who worked in the Tierra Amarilla office, would approach Plaintiff and other women in the office and make sexually suggestive comments to them. Defendant Romero also groped Plaintiff's breasts and buttocks which caused her extreme emotional distress. Plaintiff avoided Defendant Romero whenever he was in the Española office.

Defendant Alfonso Esquibel,[1] an appraiser with the State Taxation and Revenue Department, would occasionally come into the office and leer at Plaintiff and stand too close to her. On one occasion, Defendant Esquibel gave Plaintiff a key to his trailer in Española and instructed her to visit him there where he implied they would have sex. Plaintiff reported this incident to Defendant Vigil but she took no action. Instead, Defendant Vigil became hostile, rude and retaliated and at times became verbally abusive.

Plaintiff claims the offensive conduct of Defendants Sandoval, Trujillo, Romero, and Esquibel was common knowledge in the office. In fact, Plaintiff claims she was warned by the other women in the office about their offensive behavior. Plaintiff claims this amounts to an official policy, custom or act of Defendant Rio Arriba.

Because Defendant Vigil failed to stop the sexual harassment in the office, Plaintiff complained to Defendants Cindy Martinez[2] and David Salazar. Defendant Salazar was the Rio

---

[1] On November 29, 1999, pursuant to Fed.R.Civ.P.41(a)(ii), the parties filed a stipulation of dismissal dismissing with prejudice all claims against Defendant Esquibel.

[2] On September 1, 1999, by Stipulated Order, the Court allowed Plaintiff to strike Defendant Cindy Martinez as a party in this action.

Arriba County Assessor and Defendant Martinez was the Deputy County Assessor. Neither took any action to stop the sexual harassment. Shortly after complaining about the ongoing sexual harassment to Defendant Salazar, Plaintiff received a Notice of Contemplated Action, indicating an intent to terminate her on May 6, 1996. Subsequently, Defendant Salazar terminated Plaintiff. This action followed.

## II. Standard of Review

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P.56(c). Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, as well as any affidavits "show that there is no genuine issue as to any material fact . . . " *Id.* When applying this standard, the Court examines the record and reasonable inferences in the light most favorable to the non-moving party. *Universal Money Centers v. AT&T*, 22 F.3d 1527, 1529 (10th Cir.), *cert. denied*, 513 U.S. 1052, 115 S.Ct. 655 (1994).

The movant bears the initial burden of establishing that no genuine issue exists as to any material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608 (1970). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1355 (1986) (quoting *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 1593 (1968)). The movant's initial burden may be discharged by showing there is an absence of evidence to support the non-moving party's case. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). Once

the movant meets its burden, the burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991).

If the moving party satisfies its initial burden, the party opposing the motion for summary judgment may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing there is a genuine issue for trial as to a dispositive matter for which it carries the burden of proof. *Universal Money Centers v. AT&T*, 22 F.3d at 1529. It is not sufficient "to simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co v. Zenith Radio Corp.*, 475 U.S. at 586, 106 S.Ct. at 1356. An issue of material fact is genuine if a reasonable jury could return a verdict for the party opposing the motion. *Universal Money Centers v. AT&T,* 22 F.3d at 1529. The mere existence of a scintilla of evidence in support of the plaintiff's position is insufficient to defeat a properly supported motion for summary judgment. *Id.*

### III.  Discussion

**Section 1983 Sexual Harassment under the Equal Protection Clause**

Under the qualified immunity doctrine, government officials "generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  The defendant must raise the defense of qualified immunity.  Once the defendant has adequately raised the defense, the plaintiff must show that the law was clearly established when the alleged violation occurred and come forward with facts or allegations sufficient to show that the official violated the clearly established law.  The defendant then

assumes the normal summary judgment burden of establishing there is no genuine issue as to any material fact and defendant is entitled to judgment as a matter of law. *Woodward v. City of Worland*, 977 F.2d 1392, 1396-97.

The law was clearly established in May of 1989 that sexual harassment under color of state law violates the Equal Protection Clause. *Id.* at 1397. The acts Plaintiff alleges occurred in 1995 and 1996. However, it was not until December of 1996, in *David v. City and County of Denver*, 101 F.3d 1344, 1354 (10th Cir. 1996), that the Court of Appeals for the Tenth Circuit held that **nonsupervisory co-employees** could be held liable for sexual harassment under § 1983 if they had exercised state authority over the victim at the time of the alleged acts. Therefore, the law was not clearly established at the time of the alleged sexual harassment that Plaintiff's nonsupervisory co-employees would be held liable for sexual harassment under § 1983. Accordingly, Defendant's motion for summary judgment as to the individual Defendants is granted. Thus, this action will proceed as to Plaintiff's Title VII sexual harassment and retaliation claims against Defendant Rio Arriba County.

A partial judgment in accordance with this memorandum opinion will be entered.

_____
**JOE H. GALVAN**
**UNITED STATES MAGISTRATE JUDGE**